# EXHIBIT A

Steven K. Johnson, Esquire (*NJ Attorney ID# 021451987*)
D'ARCY JOHNSON DAY PC
3120 Fire Road, Suite 100
Egg Harbor Township, New Jersey 08234
Telephone:   1-609-641-6200
Facsimile:   1-609-641-2677
Email:       sjohnson@djdlawyers.com

DELIVERED BY K.S.-PSC1098

DELIVERED ON 11-10-2021

Attorneys for Plaintiff:   Jason A. Cervi
DJD File No.:              SPI-2851

| | |
|---|---|
| JASON A. CERVI,<br><br>Plaintiff<br><br>-vs-<br><br>DAVID L. JACKSON; PEPSICO, INC; NEW BERN TRANSPORT CORPORATION; JOHN DOE; MARY DOE; ABC PARTNERSHIPS; and XYZ CORPORATIONS, jointly, severally and/or in the alternative,<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>Docket No.: ATL-L-3533-21<br><br>CIVIL ACTION<br><br><br>SUMMONS |

From The State of New Jersey To The Defendant(s) Named Above:

**NEW BERN TRANSPORT CORPORATION**
**5201 Blue Mound Road**
**Fort Worth, TX 76106**

The Plaintiff(s), named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and Proof of Service with the Deputy Clerk of the Superior Court in the County listed above within 35 days from the date you received this Summons, not counting the date you received it. (The address of each Deputy Clerk of the Superior Court is provided). If the Complaint is one in foreclosure, then you must file your written answer or motion and Proof of Service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971, Trenton, NJ 08625-0971. A filing fee payable to the "Treasurer, State of New Jersey", and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to Plaintiff(s)' attorney whose name and address appear above, or to Plaintiff(s), if no attorney is named above. A telephone call will not protect

your rights; you must file and serve a written Answer or Motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief Plaintiff(s) demand, plus interest and cost of suit. If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford an attorney, you may call the Legal Services office in the County where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Michelle M. Smith*
**MICHELLE M. SMITH**
Clerk of the Superior Court

Dated:       November 9, 2021

**Name and Address
of Defendant(s) to be Served:**

> **NEW BERN TRANSPORT CORPORATION**
> **5201 Blue Mound Road**
> **Fort Worth, TX 76106**

Steven K. Johnson, Esquire (*NJ Attorney ID# 021451987*)
D'ARCY JOHNSON DAY PC
3120 Fire Road, Suite 100
Egg Harbor Township, New Jersey 08234
Telephone:   1-609-641-6200
Facsimile:   1-609-641-2677
Email:       sjohnson@djdlawyers.com

Attorneys for Plaintiff:   Jason A. Cervi
DJD File No.:              SPI-2851

| | |
|---|---|
| JASON A. CERVI,<br><br>Plaintiff<br><br>-vs-<br><br>DAVID L. JACKSON; PEPSICO, INC; NEW BERN TRANSPORT CORPORATION; JOHN DOE; MARY DOE; ABC PARTNERSHIPS; and XYZ CORPORATIONS, jointly, severally and/or in the alternative,<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY<br>LAW DIVISION<br><br>Docket No.: ATL-L- 3533-21<br><br>CIVIL ACTION<br><br>**COMPLAINT**<br>**AND JURY DEMAND** |

Plaintiff, Jason A. Cervi, residing at 6412 Tanglewood Drive, in the Town of Mays Landing, County of Atlantic, and State of New Jersey, by way of Complaint and Jury Demand against the Defendants, David L. Jackson; PepsiCo, Inc.; New Bern Transport Corporation; John Doe; Mary Doe; ABC Partnerships and XYZ Corporations, jointly, severally and/or in the alternative, says:

1. On or about May 26, 2020, Plaintiff, Jason A. Cervi, was the operator of a motor vehicle which was lawfully stopped in traffic in the right lane of Harding Highway, Route 40, in the Township of Hamilton, County of Atlantic and State of New Jersey at or near its intersection with River Road.

1

2. At the same time and place, the Defendant, David L. Jackson, while in the course of his employment for Defendant, PepsiCo, Inc., was the operator of a motor vehicle owned by Defendant, New Bern Transport Corporation, traveling in the left lane of Harding Highway, Route 40, at or near its intersection with River Road, when he failed to observe traffic while making a left turn and struck the Plaintiff's vehicle causing a violent collision.

3. The Defendant, David L. Jackson, was negligent in the operation of the aforesaid motor vehicle in that he failed to maintain control over same and collided with the Plaintiff's vehicle, failed to keep a safe distance, failed to keep a proper look out, failed to make proper observations, failed to yield the right of way, and generally failed to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances and was otherwise negligent, inattentive and careless, thereby causing the collision between Plaintiff's vehicle and Defendant's vehicle.

4. The aforesaid incident was caused by the negligence of the Defendants in the ownership, operation and control of their motor vehicle.

5. The Plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities that may be responsible, in whole or in part, for the causation of the accident. For the purposes of the within Complaint, said persons or business entities have been named as John Doe, Mary Doe, ABC Partnership, and XYZ Corporations. The Plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within Complaint when and if the identity of said persons or business entities becomes known.

6. As a result of such collision, Plaintiff, Jason A. Cervi, was thrown about violently inside the motor vehicle and suffered severe and painful injuries requiring him to obtain medical

treatment, caused great pain and suffering, incapacitated him from pursuing his usual employment and other activities, and have left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering and require medical treatment.

**WHEREFORE**, Plaintiff, Jason A. Cervi, demands judgment against the Defendants, David L. Jackson; PepsiCo, Inc.; New Bern Transport Corporation; John Doe; Mary Doe; ABC Partnerships and XYZ Corporations, jointly, severally and/or in the alternative, for compensatory damages, medical expenses, wage loss, interest, costs of suit, and other relief as the Court or jury deem proper.

### JURY DEMAND

A trial by jury is hereby demanded on all issues.

D'ARCY JOHNSON DAY PC

_____
STEVEN K. JOHNSON, ESQUIRE
Attorney for Plaintiff

DATED:      October 25, 2021


### NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Steven K. Johnson, Esquire, is hereby designated as trial counsel in the above-captioned litigation for the firm of D'Arcy Johnson Day, PC.

D'ARCY JOHNSON DAY PC

_____
STEVEN K. JOHNSON, ESQUIRE
Attorney for Plaintiff

DATED:      October 25, 2021

3

## DEMAND FOR INSURANCE INFORMATION

Demand is hereby made pursuant to $R.$ 4:10-2 for you to disclose to the undersigned the limits of all insurance agreements which may be liable to satisfy part or all of any judgment or to indemnify or reimburse for payment made to satisfy any judgment in this action against the above named Defendants.

## DEMAND FOR INTERROGATORIES

Demand is hereby made that the Defendants provide Answers to Uniform Interrogatories Form C and C(1) pursuant to $R.$ 4:17-1 within the time prescribed by law.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Demand is hereby made pursuant to $R.$ 4:18-1 that the Defendants within 30 days produce and permit the Plaintiff to inspect and copy all documents in the Defendants' possession, or control which refer or relate to the subjects listed below.

### INSTRUCTIONS:

As used herein, documents and things shall include all types of recorded information, including but not limited to, writings, drawings, graphs, charts, information, photographs, phono-records and other dated compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

The Defendant(s) may comply with this request by forwarding a copy of any document or other item requested to counsel for the Plaintiff postmarked prior to the date for which production has been designated. You are also requested to make an appropriate designation as to the paragraph pursuant to which each document or other item is produced. If a document or other item is produced pursuant to more than one paragraph, the designation should so designate.

1. All statements, reports, writings, letters, documents, and/or papers that were made, completed, or signed by any party to this lawsuit, whether written or oral, including any Co-Plaintiff(s) or Co-Defendant(s), their agents, representatives or employees.

2. All statements, memoranda, memos, correspondence, etc., sent to, received by, and/or exchanged between the parties to this lawsuit and all co-defendants relative to the subject matter of the pending litigation.

3. All statements made by any person other than Defendant(s) or any eye witnesses which relate or refer in any way to the incident described in Plaintiff's Complaint.

4

4. All books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by any expert witness whom Defendant(s) intend(s) to call at trial.

5. All blueprints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models, anatomical exhibits, or other visual reproductions of any object, place or thing prepared, utilized by, referred to or relied upon by any of Defendant's expert witnesses.

6. The name and address of the Defendant(s)' insurance carrier(s); the amount of coverage for personal injury liability, property damage liability, medical payment, liability; and the name and address and policy number of the insurance company providing umbrella and/or excess coverage, and a complete copy of the aforesaid policies.

7. All photographs or surveys of the scene of the accident any objects or persons involved therein including all motor vehicles whether in the possession of the Defendant(s), the Defendant(s)' attorneys or the possession of any representatives of the Defendant(s)' insurance carriers.

8. All written reports or summaries of oral reports, as well as a copy of the curriculum vitae, of all experts that have supplied reports to Defendant(s)' attorneys.

9. All hospital/medical records of any type whatsoever relating to any of Plaintiff's hospitalizations or treatments in the possession of the Defendant(s), his insurance company or his attorneys and any such records that may have been obtained pursuant to N.J.S.A. 2A:82-41, et seq.

10. A complete copy of any nursing notes, doctor notes/reports and/or documents reflecting medical treatment received by Plaintiff at Defendant(s)' premises as a result of Plaintiff's incident/accident: (a) If any police were involved, attach hereto copies of any and all police reports; and (b) If any ambulances were involved, attach hereto copies of any and all ambulance records.

11. All statements from the Defendant(s)' employees or the employees of Defendant(s)' subcontractors pursuant to Werkheiser v. T.E. Warren, Inc., 142 NJ Super 402 (1976) and Branca v. Shore Memorial Hospital, 182 NJ Super 315 (1981).

12. A copy of any audio tape, video tape, transcription notes, writing, memoranda and papers made in the course of any conversations with Plaintiff or anyone on Plaintiffs behalf.

### DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

Demand is hereby made that the Defendants provide Answers to Supplemental Interrogatories pursuant to R. 4:17-1 within the time prescribed by law as follows:

1. State whether you have in your, or your attorney's possession, or in the possession of any representative of an insurance carrier, or whether you know of any photographs or videos of the scene of the accident, or of any objects or persons involved therein. If so, state (a) the name(s) and address(es) of the person(s) taken or made; (b) when same was taken or made; and (c) the name(s) and address(es) of the person(s) having possession of same.

2. Do you, your attorney, agents, insurance company or any other individual associated with you have any knowledge, whether it be verbal or documented, of any claim that Plaintiff made prior or subsequent to this accident seeking compensation, remuneration, payment of medical bills or other benefits? If so, state such knowledge. If same is verbal, attach a complete summary of such knowledge; and if same is documented, annex a copy.

3. Do you claim that the Plaintiff's injuries are the result of a prior accident, injury or medical condition? If so, set forth the basis for said claim.

4. State whether any of the Defendants, or anyone on their behalf, has performed a C.I.B. (Central Index Bureau) check on the Plaintiff(s). If so, state the result of said check and attach a copy.

5. Do you, your attorney(s), your insurance company, or any other agents on your behalf, have any reason to believe that Plaintiff's injuries were caused by some prior or subsequent disease, injury, sickness, other condition or disability? If so, specify the nature and extent of the grounds for such belief.

6. Was any type of surveillance taken of the Plaintiff? If so, state the name, address and occupation of said individual and the dates of the surveillance.

D'ARCY JOHNSON DAY PC

_____
STEVEN K. JOHNSON, ESQUIRE
Attorney for Plaintiff

DATED: October 25, 2021

6

## CERTIFICATION PURSUANT TO *R.* 4:5-1

Steven K. Johnson, of full age, certifies as follows:

1. I am a member of the Firm of D'Arcy Johnson Day, PC, and am entrusted with the preparation and trial of this matter.

2. This case is not the subject of any other court action or arbitration proceeding.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

D'ARCY JOHNSON DAY PC

_____
STEVEN K. JOHNSON, ESQUIRE
Attorney for Plaintiff

DATED: October 25, 2021

7

ATL-L-003533-21   10/26/2021 8:54:05 AM   Pg 1 of 1 Trans ID: LCV20212488715

# Civil Case Information Statement

**Case Details: ATLANTIC | Civil Part Docket# L-003533-21**

**Case Caption:** CERVI JASON VS JACKSON DAVID
**Case Initiation Date:** 10/26/2021
**Attorney Name:** STEVEN KEVIN JOHNSON
**Firm Name:** D'ARCY JOHNSON DAY
**Address:** 3120 FIRE ROAD STE 100
EGG HARBOR TWSP NJ 08234
**Phone:** 6096416200
**Name of Party:** PLAINTIFF : Cervi, Jason, A
**Name of Defendant's Primary Insurance Company (if known):** Sedgwick Claims Management

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jason A Cervi?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/26/2021                                                              /s/ STEVEN KEVIN JOHNSON
Dated                                                                                          Signed